# Industrial Saving & Loan Company *v.* Hare, Appellant.

*Interest—Usury—Mortgage—Affidavit of defense.*

On a scire facias on a mortgage given to secure the unpaid balance of the purchase price of real estate, an affidavit of defense is insufficient to prevent judgment which avers that the amount of the mortgage included both purchase money and interest thereon covering a period of sixteen years, without disclosing what part of the amount was the purchase price of the real estate, and what part of that sum was interest, and without disclosing what was the rate of interest.

*Mortgage—Contract—Anticipation of payment.*

Where a contract for the purchase of real estate provides for the giving of a mortgage for the unpaid balance of the purchase money, with the privilege of anticipating the payment with an allowance to the mortgagor of one per cent per annum discount on the amount paid, such provision when incorporated into the mortgage contemplates an allowance for a voluntary anticipation, and not when the balance becomes due and payment is enforced by reason of a default under the terms of the contract and mortgage.

*Interest—Usury—Who may set up the defense of usury.*

In the absence of fraud the defense of usury is personal to the debtor, or his privies in blood or estate, and if they do not choose to make it, no other person can.

Where a party gives an obligation in payment of usury agreed to be paid by another, he cannot defend on the ground of usury.

Where a person enters into a contract in writing to give a mortgage for an unpaid balance of purchase money, and usurious interest is included in the principal of such mortgage, and thereafter such contract is assigned to another, who executes the mortgage as contemplated by the contract, the assignee cannot set up the defense of usury.

Argued Oct. 22; 1906.   Appeal, No. 33, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., July Term, 1905, No. 432, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Industrial Savings & Loan Company v. Samuel W. Hare and Hannah J. Hare, his wife.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit and the supplemental affi-

davit of defense are set forth in the opinion of the Supreme Court.

In addition to the facts set forth in the opinion of the Supreme Court it appeared that the provision in the contract relating to the anticipation of payment was incorporated into the mortgage.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. Lemon*, for appellant.—It is wholly immaterial under what form or pretense usury is concealed; if it can by any means be discovered our courts will not enforce the payment: Hartranft v. Uhlinger, 115 Pa. 270; Wyhte v. Cramer, 4 Pa. Superior Ct. 436; Moore v. Cameron, 93 N. C. 51; Kunkel v. Wherry, 189 Pa. 198.

*Richard A. Kennedy*, with him *Nelson Mc Vicar*, for appellee.—The appellant argues that, although the word interest does not appear anywhere in the contract or mortgage, yet it is manifest because of the long period of time given the defendant to pay the mortgage debt, that it must necessarily have included interest on the deferred payments.

This is directly in the teeth of the law as decided in Robinson v. Loomis, 51 Pa. 78.

The authorities are clear and explicit that to constitute usury there must be a loan directly or indirectly, and that a real sale, without any intent to loan, though it may be oppressive, cannot be usurious: Beete v. Bidgood, 7 Barn. & Cress. 453.

The right to set up usury as a defense is a personal one: Stayton v. Riddle, 114 Pa. 464.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907:

By an article of agreement dated March 10, 1897, the plaintiff company sold to one Amos Steck two lots of ground in the city of Pittsburg on which was erected a brick building. The consideration named in the agreement was $7,500, payable in monthly installments of $25.00 each, beginning on April 1,

1897. Upon the payment of $750 a deed was to be executed and delivered, and the balance of the purchase money was to be secured by a mortgage on the premises, containing the same terms of payment as stipulated in the agreement, and with the privilege of anticipating the payment at any time of the amount remaining due the mortgagee, with an allowance to the mortgagor of one per cent per annum discount on the amount paid. The agreement provides that the mortgage shall contain a default clause making the balance of the debt and interest due and payable on failure to pay any sum of principal or interest for sixty days after the same becomes due and payable, and authorizing any attorney of any court of record in Pennsylvania to appear for the mortgagor and confess judgment against him for the whole principal sum and interest remaining unpaid, with an attorney's commission of five per cent.

On December 5, 1898, Steck assigned and transferred his interest in the contract to Samuel W. Hare, and the Savings and Loan Company, by deed dated December 27, 1900, conveyed the property to Hare and his wife, who executed and delivered to the grantor their bond and mortgage to secure the payment of $6,375, the balance of the unpaid purchase money, in monthly installments of $25.00 each, commencing on February 1, 1901. The mortgage contained the default clause stipulated for in the agreement. The mortgagors continued to make the monthly payments up to and including September, 1904, but thereafter defaulted. On May 16, 1905, a scire facias was issued on the mortgage, and on November 18, 1905, judgment was entered for want of a sufficient affidavit of defense for $5,543.65. Of this sum $5,270 was the balance of the debt, and the residue was the monthly installments accruing since September 1, 1904, with interest thereon, and an attorney's commission of five per cent.

In their affidavit of defense filed June 10, 1905, the defendants allege that $7,500, mentioned as the consideration in the agreement, was not the true purchase money or value of the property, but that it included both purchase money and interest thereon, covering a period of sixteen years, the rate of interest being unknown to them; that defendants offered to pay the plaintiff association the balance due on the mortgage, provided they were allowed a proper discount on account of the

mortgage having included accumulated interest, and on account of the legal discount the defendants were entitled to ; that the true balance due on the mortgage does not exceed $2,635, and that the collection of a larger sum would be illegal and usurious. The defendants further claim in their affidavit of defense that by the terms of the mortgage they were entitled to a discount of one per cent per annum for prepayment, amounting to about $500, which the plaintiff refused to allow.

After the plaintiff had moved the court for judgment for want of a sufficient affidavit of defense, the defendants were permitted, on September 21, 1905, to file a supplemental affidavit of defense in which they aver, inter alia, as follows : " That on or about March 10, 1897, at which time Amos Steck entered into his aforesaid contract with the Industrial Savings & Loan Company, the mortgaged premises were worth somewhere between $5,000 and $6,000, and not over the sum of $6,000, as the house cost at that time about $4,000, and the value of the lots did not exceed $40.00 per foot front. And that the said purchase money of $7,500 agreed upon included interest at a rate unknown to your affiant, but not less than six per cent."

The original affidavit of defense is entirely too vague, uncertain and indefinite to prevent judgment. It does not disclose what part of the $7,500 was the purchase price of the real estate, and what part of that sum was interest, nor what the rate of interest was, so that the court could determine whether the contract was usurious, or, if judgment was entered against defendants, it would contain any unearned interest as alleged. These facts are certainly within the knowledge of Mr. Steck, the defendant's assignor, and the affiant does not aver Mr. Steck's ignorance of them nor his refusal to furnish them to the defendants. In the absence of such facts, averred in the affidavit, the court cannot determine the legality of the contract, and it is not sufficient for the affiant to aver its illegality without setting out facts which warrant the conclusion. It was doubtless with the view of giving the defendants an opportunity to comply with this established rule governing affidavits of defense that the court granted leave to file a supplemental affidavit. It is almost as barren of the necessary facts as the original affidavit, and hence is entirely insufficient to justify

the court in sending the case to a jury. When, however, the supplemental affidavit is examined, it clearly appears that the judgment is not tainted with usury, but is really for a less sum than if the consideration named in the agreement of the parties had been for the value of the real estate with legal interest from the date of sale. The supplemental affidavit fixes the value of the real estate at from $5,000 to $6,000. As the affidavit must be taken most strongly against the defendants who made it, we must assume that the value of the property was at least $6,000 at the time the plaintiff company sold it to Steck in March, 1897. If that sum had been named in the agreement as the consideration for the real estate sold, there would have been due the plaintiff on May 16, 1905, when this scire facias was issued on the mortgage, the debt with legal interest for more than eight years, amounting in all to at least $8,920. Reducing this sum by the amount of the installments paid by the defendants and their assignor, to wit: $2,230, there would yet remain due, when the writ issued, the sum of $6,690, which is largely in excess of what the plaintiff is now claiming on the mortgage.

Again, if we assume that the $7,500 was debt and interest, as alleged in the original affidavit of defense, there is no ground for the assumption that the sum contains usurious interest. The defendants have, as we have seen, fixed the value of the property at $6,000 when it was purchased in 1897. This leaves as interest $1,500 of the $7,500 named in the contract as the consideration for the premises. The defendants and their assigner had had possession of the property for more than eight years when the scire facias was issued, and hence, conceding $1,500 of the sum named as the selling price to be interest, the rate was less than four per cent for the time the purchaser and his assignees held the property. This is a complete refutation of the allegation in the original affidavit of defense that the mortgage includes the selling price and sixteen years' interest, if we assume that the selling price was the value of the property fixed by the defendant and the interest was at the legal rate of six per cent. In the absence of any positive and direct averment to the contrary in the affidavit of defense, we must assume that the selling price was the value of the property.

We think that neither the original nor the supplemental affidavit of defense contains any sufficient averment of facts which show that the sum claimed by the plaintiff is tainted with usury or contains any unearned interest.

The defendant was not entitled to an allowance of one per cent per annum on the balance due at the issuing of the writ. This provision of the contract was clearly intended to be an allowance for a voluntary anticipation of any installments of the principal, and not when, as here, the balance became due and payment was enforced by reason of a default under the terms of the contract and mortgage.

But aside from the above reasons for holding that the affidavit of defense does not present any sufficient grounds why the plaintiff should not have judgment for the amount of his claim, there is another and unanswerable reason why the affidavit sets up no defense which will avail the defendant against the scire facias issued on the mortgage. The plaintiff company sold the real estate in question to Mr. Steck by a contract in writing, and Steck sold and assigned his interest in the contract to the defendants. The latter were not parties to the agreement between the plaintiff and Steck, and hence are not interested in the consideration that passed between those parties for the real estate. It is true the defendants have assumed to pay part of that consideration to the plaintiff company instead of paying it to Mr. Steck, but that does not make them parties to the original contract, nor interested in the legality of its consideration more than any other strangers. The money they agreed to pay the plaintiff is part of the consideration they agreed to pay Steck for his interest in the contract. It is not alleged, and if it were, it could not be set up as a defense in this action, that the consideration passing from the defendants to Steck is tainted with usury, but the averment is that the consideration agreed to be paid by Steck to the plaintiff is usurious. With that, the defendants can have no concern, because if true, they are not affected by it. This is not a suit on the contract between Steck and the plaintiff company, but on the mortgage given to the plaintiff by the defendants to secure the payment of money which the defendant agreed with Steck to pay the plaintiff as part of the consideration which the defendants owed Steck. It is

therefore clear that the defendants are strangers to the contract between the plaintiff company and Steck, and hence have no right to interpose as a defense in this action any usurious taint that might exist in the consideration which Steck agreed to pay the plaintiff for the land in question.

It is well settled in this state that in the absence of fraud, the defense of usury is personal to the debtor or his privies in blood or estate, and if they do not choose to make it, no other person can. " Those who allege that usury is a fraud upon them," says Sterrett, J., in Stayton v. Riddle, 114 Pa. 464, " must do more than show the payment of interest in excess of the legal rate. That is a matter of which the debtor alone can complain." In Bonnell's Appeal, 4 Sadler's Rep. 7, this court, speaking by Green, J., said: " In the present state of the law, that defense (usury) is personal, and if the debtor does not choose to make it, one who is a stranger to the contract cannot." And it has been held by this court that where a party gives an obligation in payment of usury agreed to be paid by another, he cannot defend on the ground of usury: Gump v. Hamaker, 4 Walker, 157.

The assignments of error are overruled, and the judgment is affirmed.