## Litle's Estate.

*Interest—Usury—Set-off against principal debt—Decedents' estates—Debts of decedents.*

1. In an action on the principal debt claims to set off usurious interest alleged to have been paid cannot be asserted by a third person who after the alleged payment of such interest assumed the principal debt for a valuable consideration with the consent of the creditor.

2. Where at the audit of an administratrix's account, it appeared that decedent's wife had borrowed money of claimant, at a rate of interest alleged to be usurious, for use in her business, and that thereafter the wife had assigned the business to decedent, who had assumed the debt, with claimant's consent, the court did not err in refusing to allow the decedent's administratrix to set off amounts of alleged usurious interest paid by the wife, against the debt owed by decedent to claimant.

3. Where, in such case, it appeared that after taking over his wife's business, decedent had borrowed further sums of claimant, under circumstances which counsel for the administratrix claimed rendered the rate of interest usurious, but where it was not clear from the record what, if any, usurious interest was paid, the record was remitted with directions to the court below to ascertain the amount of such usurious interest, and to credit the estate therewith, as of the date when such interest was paid.

Argued Jan. 12, 1914. Appeal, No. 233, Jan. T., 1912, by Emma V. Litle, from decree of O. C. Philadelphia Co., Oct. T., 1912, No. 159, dismissing exceptions to adjudication in Estate of Thomas J. Litle, Deceased. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Modified and affirmed.

Exceptions to adjudication.  Before GUMMEY, J.
The opinion of the Supreme Court states the facts.
The court dismissed the exceptions.

*Errors assigned* were in dismissing the exceptions.

*Fred Taylor Pusey,* for appellant.

*Louis Hutt,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 9, 1914:

For a number of years prior to February 24, 1908, Mrs. Emma V. Litle, trading under the name of the Royal Waist Lining Company, conducted a manufacturing business, and on July 15, 1905, she and one Ellwood Boehm agreed in writing that he should advance to her certain moneys to be used in the business, taking as security an assignment of the machinery, etc., upon which advances she was to pay him interest at the rate of six per cent. per annum, and a further sum of four per cent. as compensation for securing said money as well as for the time it would be necessary for him to devote to the business.  It appeared from the agreement that Boehm had interested some of his friends in the matter who were willing to advance the money to Mrs. Litle.  On the same day Boehm entered into an agreement with Mrs. Elizabeth E. Kilburn whereby she agreed to advance money to Mrs. Litle for which she was to receive six per cent. interest on the amounts advanced.

Thomas J. Litle and Elizabeth E. Kilburn entered into an agreement February 24, 1908, in which it is recited that Emma V. Litle is about to transfer and assign the business conducted by her under the name of the "Royal Waist Lining Company" to Thomas J. Litle, her husband; that the amount of money due by the said Emma V. Litle to Elizabeth E. Kilburn as of February 1, 1908, aggregates $10,500, which indebtedness Thomas

J. Litle is willing to assume, and thereupon Elizabeth E. Kilburn releases Emma V. Litle from said indebtedness and agrees to look to Thomas J. Litle alone for payment. Thereafter Mrs. Kilburn advanced for use in the business $15,000 and received payments on account of principal aggregating $4,000, leaving a balance of principal due (including the balance of $10,500 due February 24, 1908) of $21,500 with interest, less payments on account of interest.

At the audit of the account of Emma V. Litle, administratrix c. t. a. of the estate of Thomas J. Litle, deceased, Mrs. Kilburn presented for allowance her claim of $21,500. Mrs. Litle, the widow and residuary legatee of the decedent, asked that a credit be allowed against said claim of four per cent. on the amounts advanced by Mrs. Kilburn prior to February 24, 1908, the day Mrs. Litle transferred the business to her husband; and that a further credit of four per cent. be allowed against the claim for moneys advanced by Mrs. Kilburn to Thomas J. Litle from the date of said transfer to October 10, 1911. Mrs. Litle alleged that Mrs. Kilburn had been paid ten per cent. on the moneys advanced by her, and that four per cent. thereof was usurious and therefore should be set off against Mrs. Kilburn's claim against the estate of Mrs. Litle's husband. The court below declined to allow either set off, and entered a decree for the full amount of the Kilburn claim with interest. From this decree Emma V. Litle, the widow and residuary legatee, has taken this appeal.

We think the learned court below was clearly right in refusing to allow a set off of four per cent. on the moneys advanced prior to the contract of February 24, 1908. Conceding it to be usurious interest, which is denied, it was paid by Emma V. Litle and not by Thomas J. Litle, her husband, in favor of whose estate it is now asked to be allowed. As said by the learned auditing judge, Mrs. Litle "must be considered to have ratified the agreement of February 24, 1908, for at no time since its execution

until the present has she repudiated it, but on the contrary she has held the business out as her husband's, has accounted for it as such, and it is by the authority given to her as her husband's administratrix that she has continued the business since his death." It is clear, therefore, that the moneys advanced subsequent to the agreement of 1908 were advanced to Thomas J. Litle for use in his manufacturing business conducted under the name of the "Royal Garment Manufacturing Company." Prior to that agreement, it is conceded that the business was conducted by Emma V. Litle and the money was advanced by Mrs. Kilburn to her for use in the manufacturing business conducted under the name of the "Royal Waist Lining Company." If the four per cent. paid Mrs. Kilburn during that time be usurious interest, it was paid by Mrs. Litle who, if anyone, is entitled to have it repaid or has the right to set it off against any claim which Mrs. Kilburn makes for payment of the principal on which the usury was paid. Neither Thomas J. Litle nor his personal representative is entitled to have it refunded, and it necessarily follows that it is not a proper set off against the claim made by Mrs. Kilburn for the amount due her from Thomas J. Litle's estate. It is true that $10,500 of Mrs. Kilburn's claim against Thomas J. Litle's estate was for moneys advanced to Emma V. Litle while she conducted the business prior to February 24, 1908, but Thomas J. Litle, by his agreement with Mrs. Kilburn of February 24, 1908, ratified by Mrs. Litle, assumed the indebtedness of his wife to Mrs. Kilburn and the amount of the assumption was part of the consideration paid by Thomas J. Litle to his wife for the business she transferred to him. By that agreement Mrs. Kilburn released Emma V. Litle from the indebtednes and agreed to look to Thomas J. Litle alone for payment. This was a discharge or extinguishment of Mrs. Litle's indebtedness to Mrs. Kilburn, and the substitution of an indebtedness of Thomas J. Litle to Mrs. Kilburn to which the usurious taint, if any, of

the indebtedness of Mrs. Litle to Mrs. Kilburn did not attach: Macungie Savings Bank v. Hottenstein, 89 Pa. 328; Industrial Sav. & Loan Co. v. Hare, 216 Pa. 389.

We agree with the learned counsel for the appellant that if there was any usurious interest paid to Mrs. Kilburn since the business was transferred to Litle in 1908, it should be set off against her claim against his estate. By the contract between Litle and Mrs. Kilburn it was agreed that he should pay her "in addition to the six per cent. interest specified in said agreement, a further sum as interest which shall equal four per cent. upon such sum as might still be due and owing upon the said original indebtedness of ten thousand five hundred dollars." From the learned auditing judge's adjudication it appears he thought that "no claim under this agreement for excessive interest was made by Elizabeth E. Kilburn." It is true that at the audit the counsel for Mrs. Kilburn stated "that the claim is for interest at six per cent," but appellant's counsel contend that evidently meant six per cent. only from October 11, 1910, since which time no interest had been paid, and not from February 24, 1908 to October 11, 1910. The amount of the usurious interest paid by Thomas J. Litle after he took over the manufacturing business, according to the statement of appellant's counsel, is $1,290.26. The printed brief of the appellee's counsel is very unsatisfactory, both as to the law and the facts, and we are unable to ascertain his views as to whether the record discloses the payment of any usurious interest to Mrs. Kilburn since the contract of 1908. The manner in which the testimony is reported in the appellant's paperbook renders it difficult to determine what amount of excessive interest, if any, was paid by Thomas J. Litle which should be set off againt Mrs. Kilburn's claim. We are, therefore, compelled to remand the case with directions to the court below to ascertain the amount and deduct it from the amount of the decree entered. Of course, the estate is entitled to a credit of the various

sums as of the date the excessive interest was paid. The decree as thus modified is affirmed. Cost to be paid out of the estate.