Foley *v.* Equitable Investment Co., Appellant.

*Interest—Usury—Partnership — Corporation — Set-off — Judgment on note of corporation covering usurious interest of partnership.*

Where a partnership owing money to an individual on a contract involving usurious interest, becomes incorporated, and the

obligations of the partnership are assumed by the corporation, which gives a judgment note to the creditor, covering the debt owing by the partnership, and also debts owing by the corporation itself, the corporation cannot, on an issue to try the amount due on the judgment entered on the note, claim credits for usurious interest paid by the partnership.

Argued April 26, 1920. Appeal, No. 250, Jan. T., 1920, by defendant, from judgment of C. P. Erie Co., Feb. T., 1918, No. 488, for plaintiff, on case tried by court without jury, in suit of P. T. Foley v. Equitable Investment Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Issue to determine the amount due on a judgment entered on a judgment note. Before WHITTELSEY, P. J.

The case was tried by agreement of counsel by the court without a jury.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff refusing to allow a set-off claimed by defendant. Defendant appealed.

*Error assigned* was judgment of court, quoting it.

*W. P. Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—The original taint of usury attaches to all consecutive securities growing out of the original transaction, and none of them, however remote, can be free from it, if the descent can be traced: Campbell v. Sloan, 62 Pa. 481; Thompson v. Prettyman, 231 Pa. 1; Earnest v. Hoskins, 100 Pa. 551; Miller v. Erwin, 85 Pa. 376; Schutt v. Evans, 109 Pa. 625.

*John B. Brooks, Charles H. English* and *Frank B. Quinn,* for appellee, were not heard.

PER CURIAM, May 26, 1920:

Frederick M. Jackson, John Waldron and Orton W. Albee, while transacting business as partners, bor-

rowed moneys from P. T. Foley, the appellee, to whom they paid usurious rates of interest. The partnership became the appellant corporation, which gave its obligations to the appellee for his claims against the partnership and for loans made to itself. He entered judgment against it on a judgment note which it had given to cover its obligations to him, and the same was opened to allow proof of the payments of usurious interest as set-offs. On the trial of the issue, without a jury, to determine the amount due on the judgment, the defendant claimed credits for usurious interest paid, not only by it, but by the partnership. The court refused to allow any set-off for such interest paid by the partnership, and this was undoubtedly correct: Little's Estate, 244 Pa. 368.

The complaint of the appellant is dismissed and the judgment affirmed.