# Murdoch, Admrx., *v.* Murdoch et al., Appellants.

*Equity—Practice, Equity—Amendment of bill—Conformity to proofs—Supreme Court.*

1. Technical objections to a proceeding in equity may be cured by an amendment in the Supreme Court, if the effect of allowing it is simply to make the averments of the bill conform to the proofs produced by defendants themselves.

*Partnership—Proof of—Dissolution—Assignee of partner's interest—Evidence—Competency of witness—Party dead—Adverse witness—Contributions—Act of March 26, 1915, P. L. 18.*

2. Under section 32 of the Uniform Partnership Act of March 26, 1915, P. L. 26, the court is required to decree a dissolution of a partnership at will, on the application of a purchaser of the interest of one of the members of the firm, if the others deny the purchaser's right to any part of the assets or income.

3. If the assignee of an interest in a partnership dies, the assignor is an incompetent witness to invalidate the assignment, if the purpose for which he is offered would result in relieving him from liability upon the implied warranty of title arising out of his conveyance.

4. A bookkeeper of a firm, called to prove who were the partners at a given date, and who stated what the books showed in regard to this, cannot further testify on the subject, unless it is averred and proved he had admissible knowledge from some other source.

5. Where partnership articles stipulate the interest of each individual partner, and it is admitted they fully set forth the agreement of the partners, it is a matter of indifference what each contributed to the capital of the firm.

Argued October 16, 1923. Appeal, No. 136, Oct. T., 1923, by Edward A. Murdoch and David V. Murdoch,

two of defendants, from decree of C. P. Allegheny Co., Jan. T., 1922, No. 2653, on bill in equity, in case of Inez Leslie Murdoch, Administratrix of estate of Henry Murdoch, deceased, v. Edward A. Murdoch, David V. Murdoch and John T. Murdoch. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction, receiver and accounting. Before FORD, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Edward A. Murdoch and David V. Murdoch appealed.

*Errors assigned* were, inter alia, various rulings on evidence and decree, quoting record.

*Alexander J. Barron,* of *Alter, Wright & Barron,* with him *C. Wm. Campbell,* of *Weil, Sipe & Campbell,* for appellant.—The assigning partner was a competent witness: Edmundson's Est., 259 Pa. 429.

John T. Murdoch was not an adverse witness: Dickson v. McGraw, 151 Pa. 98; Braine v. Spalding, 52 Pa. 247; Metcalf v. Buck, 36 Pa. Superior Ct. 58; Dillon's Est., 269 Pa. 234; Sturgeon v. Sturgeon, 186 Pa. 350; Work v. Maclay, 2 S. & R. 415; Strawn v. Shank, 110 Pa. 259; Horne v. Petty, 192 Pa. 32.

The bookkeeper, being familiar with the affairs of the partnership, was competent to testify to the membership of the partnership.

Evidence that John T. Murdoch never contributed any capital to the firm was admissible.

The assignee has no right to an accounting or to interfere in the management of the business prior to dissolution.

The bill neither alleges nor prays for a dissolution, nor is a dissolution proven; therefore the court cannot

grant either the relief prayed for or granted: Luther v. Luther, 216 Pa. 1; Horton's App., 13 Pa. 67.

*John G. Frazer,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee.—The testimony of John T. Murdoch was not competent: Dougal v. Wood, 61 Pa. Superior Ct. 172; Pittsburgh Coal Co. v. Foster, 59 Pa. 365; Miley v. Todd, 17 Pa. 101.

The bookkeeper was not competent to testify as to the members of the partnership.

Evidence that John T. Murdoch never contributed any capital to the firm was inadmissible.

Plaintiff is entitled to a decree for an accounting and for a dissolution: Appeal of Passayunk B. Assn., 83 Pa. 441; Delaware & Hudson Canal Co. v. Coal Co., 21 Pa. 131.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1924:

The three defendants entered into a written article of copartnership, which did not name any period for its continuance, but stipulated that each should have a "one-third interest" in the business, should each "draw and take equal amounts from the earnings," and should each "draw equal salaries." It is admitted that this paper fully sets forth the terms of the partnership. For four years immediately subsequent to its date, all three of the partners took an active part in the business; but shortly after the end of that period, John T. Murdoch, one of the number, ceased to do so, and thereafter drew no salary. At that time the firm owned both real and personal property; the former being held in the names of the three partners, but without designating it as partnership property, which in fact it was. Three months after the separation, John T. Murdoch made a written transfer of his interest in the firm to Henry Murdoch; and still later he made a deed to the other two partners, purporting to convey to them the same interest in one of the pieces of real estate.

Henry Murdoch having become feeble-minded, the Union Trust Company of Pittsburgh was appointed guardian of his estate. Upon demand being made by it on the two defendants, who were managing the business, it was informed they alone owned all the assets of the partnership, and would give no account of them, nor of the profits. Upon a separate demand being made on John T. Murdoch, he refused to transfer to the estate his apparent interest in the realty. The bill in equity in this case was thereupon filed, setting forth the above facts, and praying an injunction, a receiver, an accounting, a finding that, as guardian, plaintiff had a one-third interest in the partnership profits and assets, a direction that John T. Murdoch execute and deliver to plaintiff a deed for his apparent one-third interest in the realty, and general relief. Later Henry Murdoch died, and his administratrix was substituted as plaintiff.

Defendant's demurrer to the bill being overruled, they filed an answer admitting most of the facts stated, but alleging that when John T. Murdoch ceased his active connection with the business of the firm, he "conveyed, transferred and assigned [to the other defendants], for a good and valuable consideration," all his interest in the partnership. It may be said in passing, that, so far as the evidence discloses, this only meant that his interest "reverted" to the others, without any conveyance, transfer or assignment, although the partnership agreement did not so provide; an unwarrantable conclusion, requiring no further notice. The answer further averred that the assignment by John T. Murdoch to Henry Murdoch, was made as additional security for certain moneys loaned by the latter to the firm,—a curious explanation since, as creditor, he was entitled to be paid his entire debt before the partners would get anything, and hence it is in effect alleged that his claim was secured by a transfer which could be of no value until after the claim was paid. The answer further averred that, after John T. Murdoch ceased his active partici-

pation in the business of the firm, he did not allege he was a partner, nor act as such, nor did he, nor Henry Murdoch, as his assignee, receive any money from the firm. The answer did not set forth as an objection to the bill, however, that there was neither an averment of, nor prayer for, a dissolution of the partnership.

The case was tried in due course; findings of fact and conclusions of law were filed, and a decree in favor of plaintiff was advised. Defendants' exceptions to the report were heard and later dismissed, and a decree entered that: (1) Under the facts found a dissolution of the partnership had resulted; and (2) The defendants, other than John T. Murdoch, be required to account to plaintiff; and, to state this, a master was accordingly appointed. The present appeal by the managing defendants followed.

Apparently the point upon which appellants place the greatest reliance, is that plaintiff did not aver a dissolution of the partnership, nor set forth facts justifying it and pray the court to decree it; without one or the other of which, they claim, no accounting could properly be ordered. It is clear, however, that a dissolution was the only thing possible. Section 32 of the Uniform Partnership Act of March 26, 1915, P. L. 18, 26, provides that "the court shall decree a dissolution......on the application of the purchaser of a partner's interest......at any time, if the partnership was a partnership at will," as it was here. Consequently the only objection, upon this branch of the case, resolves itself into this: Was it necessary to aver or pray a dissolution? The term, "court of equity," would be a misnomer, if a chancellor who presided over it, would, under the circumstances stated, decline to give any relief on the ground that there was such a defect in the pleadings, even if we assume it existed. Defendants' answer and evidence both show that they refused, and still refuse, to recognize Henry Murdoch's estate as a partner, or as entitled to receive any of the profits or assets; the managing partners per-

sonally claiming all of them, to the total exclusion of the estate. It follows,—the assignment having been held valid,—that dissolution became a matter of necessity, for, under section 27 of the act, even if appellants' construction of it is correct, Henry Murdoch was, by virtue of the valid assignment to him, authorized to receive "the profits to which the assigning partner would otherwise be entitled"; yet appellants declare he shall have none of them, and that they will continue the business for their personal benefit alone. The effect of this might be a wasting of the assets, to his necessary loss. Under such circumstances, we will not stop to consider whether or not a dissolution should have been averred or prayed for, but, assuming it should have been, will treat the appeal as if an amendment to that effect had been made. We could properly allow it in this court, and would do so, if necessary, since no harm could come to appellants from basing a decree upon their own statements. Aside from this, a dissolution is "asked for in the bill substantially," and this appellants concede is sufficient.

Their next important allegation seems to be that the court erred in deciding that John T. Murdoch was incompetent to testify, as a witness for himself and the other defendants, to matters occurring in the lifetime of Henry Murdoch. Admittedly this was a correct conclusion, if the interest of the witness was adverse to that of the estate, and so it is specified in clause (e), section 5 of the Act of May 23, 1887, P. L. 158. If his testimony was admissible for any purpose, it was to sustain the averments of his answer, that the transfer by him was simply as security for the notes owing by the partnership to Henry Murdoch, and that the assignment was to be destroyed when those notes were paid. This averment, which must be taken in its entirety, would, if established, relieve the witness from liability growing out of his implied warranty that he had a one-third interest in the partnership, which he could convey to

Henry Murdoch. Moreover he also had an apparent one-third interest in the second piece of real estate described in the bill, which, on the record, still stood in his name, and to which he denies plaintiff's claim of ownership. In either respect he was, therefore, a person whose interest was adverse to that of the estate, and hence was clearly incompetent for the purpose for which he was called. The contention that his interest was balanced, since he did not claim any of the assets of the partnership, would be more persuasive if it appeared he had no interest. The claim avails nothing unless the fact accords with it; and the burden was on him to show, to the satisfaction of the court, that the fact was so. There was neither proof, nor offer of proof, of this, however, at or before the time he was called as a witness (though there was, as to his disclaimer of ownership) and hence the decision on this point was correct.

Defendants also assign error to the court's overruling their offers of proof, when a bookkeeper of the firm was on the witness stand. He had always kept the books of the partnership, and was called to prove who were the partners, although he did not allege he had any knowledge on the point, aside from those books. He was allowed to tell "the names of the copartners as they appear from the books of the company"; he also stated that from and after a given date, which was prior to the assignment by John T. Murdoch, the books showed no payment of wages or salary to the latter, and no payment to Henry Murdoch at any time; and that, after the date specified, there was "nothing in the books to indicate that any person other than D. V. and E. A. Murdoch [the other defendants] were members of the firm." He admitted that the books "give no information as to who were or were not members of the copartnership." If it was intended to prove by him that he had admissible knowledge on the subject from some other source, he should have been directly asked regarding this, but was not.

Certain other contentions are made, which are easily answered.    (1) It makes no difference whether or not John T. Murdoch contributed anything to the capital of the firm, since the partnership article, which admittedly contained all the agreement, said he was to have a one-third interest in it; (2) nor is it of any moment that decedent said to one of the grantors in the deed for a property, alleged to be the consideration for the transfer of John T. Murdoch's one-third interest to decedent, "that he [Henry Murdoch] was making the purchase for his brother [John T. Murdoch], to whom it was afterwards conveyed," since this does not tend to disprove payment of the purchase price by decedent, and a conveyance to John T. Murdoch, in pursuance of the agreement; and (3) a review of the evidence convinces us the court below was fully warranted in each and every of its findings of fact.

We have not separately reviewed the numerous assignments of error, because to do so would have unduly lengthened this opinion.    They were grouped by appellants, in their brief of argument, under the heads above set forth, and, in those groups, all have been fully considered.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellants.