Elliott-Lewis Elec. Co., Inc. *v.* Hausman, Appellant.

Argued December 7, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*James F. Henninger* of *Henninger & Snyder*, for appellant.

*Ashton Locke Worrall*, for appellee.

Opinion by Baldrige, J., January 28, 1932:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.

The cause of action is based upon a contract of suretyship executed by the defendant on April 1, 1920, wherein he agreed to become a surety for the Hausman Electric Company. The partners composing the firm were not mentioned therein, but it is admitted that they were Andrew H. Hausman and Clarence E. Hausman, two sons of the surety. "This agreement is to be a continuing one to cover any, and all sales, until further notice ...... that the agreement is revoked be given the Elliott-Lewis Electrical Co., Inc., and is to cover the balance due at any time without regard to the amount of sales or payments, provided that my liability shall not in any event exceed $1,500."

The plaintiff averred that, in consideration of this suretyship, it sold and delivered to the Hausman Electric Company, on credit, electrical supplies and equipment; that by reason thereof there is due to the plaintiff $2,585.79; that on February 14, 1930, the Haus-

man Electric Company was adjudged a bankrupt. Hence this suit was brought against the surety.

The affidavit of defense set forth that the Hausman Electric Company was dissolved on March 1, 1926; that notice of the dissolution was published in the newspapers and "actual notice of said dissolution was given verbally to the salesmen and credit managers of the plaintiff, and notice of said dissolution communicated to the officers of the plaintiff corporation. The defendant is unable at this time to furnish the names and addresses of the representatives of the plaintiff to whom said notice was given."

The learned court below held that the defense admitted the execution of the suretyship and that there was no averment of any revocation; that the affidavit of defense is insufficient. A careful consideration of the case brings us to the same conclusion reached by the court. See Com. ex rel. Horner v. Houk, 96 Pa. Superior Ct. 363.

Under the Act of May 14, 1874, P. L. 157 (8 P. S. sec. 21), "the surety or sureties in any instrument in writing for the forbearance or payment of money at any future time, shall not be discharged from their liability upon the same, by reason of notice from the surety or sureties, to the creditor or creditors, to collect the amount thereof from the principal in said instruments, unless such notice shall be in writing and signed by the party giving the same." The notice alleged to have been given was a verbal, not a written, notice "to the salesmen and credit managers of the plaintiff, and notice of said dissolution communicated to the officers of the plaintiff corporation." This was clearly insufficient. There was no attempt to state when the notice was given, or to identify the officers, or to give their particular connection with the corporation, which are essential requirements: Heyser Lumber Co. v. Whiting Lumber Co., 62 Pa. Superior Ct. 76.

The Hausman Electric Company was conducting business after the date of the alleged dissolution at the same place without any external change. The appellant contends that the change in the personnel by the withdrawal of the one brother from the partnership relieved him as surety. Under Section 30 of the Partnership Act of March 26, 1915, P. L. 18 (59 P. S. sec. 92), dissolution of a partnership does not terminate it. The partnership continues until the winding up of its affairs is completed. See also White et al. v. Long et al., 289 Pa. 525. It is true that it has been ruled in certain circumstances that a surety for a partnership cannot be held for debts or obligations incurred after a change in the personnel of the firm, but that principle does not apply if the suretyship contract contemplates a continuing surety for the firm without reference to its composition: Richardson v. Steuben County, 226 N. Y. 13, 122 N. E. 449. Although a surety is favored in the law, nevertheless this contract must be construed according to the intent of the parties: Thommen v. Aldine Trust Co., 302 Pa. 409. This contract expressly indicated that its true intent was that the liability as a surety was a continuing one to protect the plaintiff for supplies, etc., sold to the Hausman Electric Company.

Judgment affirmed.