Sork et al. *v.* C. Trevor Dunham, Inc., Appellant.

78

Argued September 28, 1932.

Before T<small>REXLER</small>, P. J., K<small>ELLER</small>, G<small>AWTHROP</small>, C<small>UNNINGHAM</small>, B<small>ALDRIGE</small>, S<small>TADTFELD</small> and P<small>ARKER</small>, JJ.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellant.

*Henry Sork,* for appellee.

O<small>PINION</small> <small>BY</small> B<small>ALDRIGE</small>, J., December 16, 1932:

The Act of May 28, 1858, P. L. 622 (41 PS Sec. 4), provides that when a rate of interest exceeding that established by law has been paid, a recovery back

may be had, if an action is instituted within six months after time of such payment.

This action in assumpsit was brought under that statute to recover alleged usurious interest paid, and resulted in a verdict for plaintiffs in the sum of $146.32.

The appellant contends that the right to recover usurious interest is personal to the debtor, and that in this case the original debtor is not the partnership, represented in this action by the surviving partners, but Joseph F. Gleason, a former member of the partnership. There is no dispute over the legal proposition that only a borrower may complain of usury; that is well supported by authority: Stayton v. Riddle, 114 Pa. 464, 7 A. 72; Industrial Saving & Loan Co. v. Hare, 216 Pa. 389, 395, 65 A. 1080; Seltzer v. Sokoloff, 302 Pa. 449, 153 A. 724.

The solution of this controversy depends largely upon the sufficiency of the evidence to establish the allegation that the debt was incurred by the partnership. The obligation was evidenced by a collateral note, dated April 6, 1929, in the sum of $1,200, secured by two certificates, each for 33 shares of the Gleason Lunch Company, in the names of Joseph F. Gleason and David Sork, respectively. Sork testified that when the loan was made, he and Gleason, who was the general manager of a partnership, trading as Lawton Diner No. 3, called on Mr. Dunham, president of the appellant corporation, and requested him to make a loan "in addition to the ones we already had." After some discussion, it was agreed that the loan would be made upon the collateral above referred to, and the note was thereupon executed by Gleason, individually. The reason for Gleason thus signing the note was not explained. A check was given to Gleason for $806, which he endorsed and which was then deposited to the credit of the partnership. That sum, together

with $250 deducted from the amount borrowed and credited on another loan made by Lawton Diner No. 3, and $144 charged as interest on the loan, makes the total of $1,200. The note was payable on demand, but the loan was to be repaid at the rate of $100 a month. Payments, monthly, were made by checks of Lawton Diner No. 3 until October 26, 1929, when the balance, amounting to $702, was paid. That sum included delinquent interest of $2 on the monthly payments, which was not charged on the books of the company against Gleason, individually, but against the partnership. Indeed, the account of this entire transaction was mingled on the books of the appellant with additional loans made to the partnership. Taking into consideration the oral testimony and the appellant's own records, which we regard as quite significant, we are of the opinion that there was sufficient evidence for the court to submit to the jury the disputed question as to whom the loan was made, notwithstanding the note was signed by Gleason, individually. The jury might have found from the evidence that the loan was made to the partnership to be paid at the rate of $100 per month, and the demand note from Gleason taken only as collateral. The lower court very aptly said: "It is essential that we penetrate the form in which a transaction is clothed in order to discover the substance of the transaction, if substantial justice is to be done."

The withdrawal of Gleason from the partnership did not interfere with the right of Sork and Ingber, as remaining partners, to institute this action. The surviving partners had retained all the assets and they were liable for the indebtedness. The withdrawal of Gleason from the partnership dissolved it, but such a dissolution does not terminate the partnership; it continues until the winding up of its affairs is completed: White v. Long, 289 Pa. 525, 532, 137 A. 673; Murdock v. Murdock, 279 Pa. 97, 123 A. 683; Elliott-

Lewis Elec. Co. v. Hausman, 104 Pa. Superior Ct. 322, 158 A. 626. In such circumstances, a formal assignment by the withdrawing partners was not essential to the right of plaintiffs to bring this action, as contended by the appellant. Under the jury's findings, the plaintiffs were not successive purchasers; they were privies to the original transaction.

A careful review of the record in this case discloses no merit to the assignments of error.

Judgment is affirmed.